J-S24006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AUSTIN JAMES UBINAS COLBURN | : | |
| | : | |
| Appellant | : | No. 1116 WDA 2020 |

Appeal from the PCRA Order Entered July 22, 2020
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000570-2014

BEFORE: DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: DECEMBER 3, 2021**

Austin James Ubinas Colburn ("Appellant") seeks review of the Order dismissing his first PCRA Petition as untimely. He challenges his SORNA[1] lifetime registration requirement and contends that the issuance of **Muniz**[2] rendered his PCRA Petition timely-filed. After careful review, we affirm.

On June 22, 2015, Appellant pleaded guilty to one count each of Aggravated Indecent Assault and Corruption of Minors in connection with his

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Sex Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.41. The provision applicable to Appellant is subchapter H.

[2] **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).

2014 sexual assault of a seventeen-year-old girl.[3]   The court ordered an evaluation by the Sexual Offender Assessment Board.  After a hearing, the court found Appellant to be a Sexually Violent Predator ("SVP") subject to lifetime registration with the Pennsylvania State Police.

On May 24, 2016, the court imposed an aggregate sentence of five to ten years' incarceration.[4]  Appellant did not file a direct appeal.  His Judgment of Sentence, thus, became final on June 24, 2016.

On July 5, 2018, Appellant filed a *pro se* PCRA Petition.  He asserted that because he committed his offense on July 3, 2014, SORNA "cannot apply to [him] retroactively in light of . . . *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017)."[5]  The PCRA court appointed counsel.  After argument on August 8, 2019, the court granted Appellant permission to file an Amended

_____

[3] 18 Pa.C.S. §§ 3125(a)(1), and 6301(a)(1)(ii), respectively.  In exchange for his guilty plea, the Commonwealth withdrew four additional sexual offense charges.  Appellant also agreed to lifetime registration as a sexual offender.

[4] The court ordered that Appellant serve this sentence after a term of three to six years' incarceration imposed for violating the probation he had been serving at the time of the offense for a prior sexual assault conviction.

[5] In *Commonwealth v. Muniz*, *supra*, at 1193 (Pa. 2017), the Supreme Court held that SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of Pennsylvania's Constitution.  Our Supreme Court did not hold that *Muniz* applied retroactively.  In response, the General Assembly enacted SORNA II.  *See* 42 Pa.C.S. § 9799.51(b)(4).  Because offender registration requirements evolve pursuant to the legislative decisions of our General Assembly, registrants must comply with **current** law.  *See generally Commonwealth v. Lacombe,* 234 A.3d 602, 608-612 (Pa. 2020) (tracing *Lacombe*'s evolving requirements from the then-applicable version of Megan's Law to SORNA I and, ultimately, subchapter I of SORNA II).

PCRA Petition. On September 4, 2019, Appellant filed his Amended PCRA Petition asserting that the application of SORNA's registration requirements violates his constitutional rights to due process and reputation, and that the SVP designation is unconstitutional under **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), *rev'd*, 226 A.3d 972 (Pa. 2020) ("**Butler I**").

On July 22, 2020, the PCRA court dismissed the petition as untimely concluding that, it, therefore, did not have jurisdiction to address Appellant's claims.[6]

Appellant appealed.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents four issues, each contending that the trial court's imposition of SORNA registration requirements violated the Pennsylvania and United States Constitutions.  Specifically, he asserts that (1) he was denied "due process to a right to hearing and a right to a jury determination before having to register to a higher punishment when he was sentenced under Megan's Law which has expired[;]" (2) the registration requirement violates the *ex post facto* clauses; (3) the registration requirement violates his right

---

[6] In *dicta*, the PCRA court observed that, pursuant to **Commonwealth v. Butler**, 226 A.3d 972 (Pa. 2020) ("**Butler II**"), decided on March 26, 2020, Appellant's claim that the registration requirement constituted criminal punishment was without merit.  Opinion and Order, filed July 22, 2020, at 2-3.  **See Butler II**, 226 A.3d at 976 (holding that SVP adjudication is not a criminal punishment and the procedure for designating an individual a SVP is not subject to the requirements of **Apprendi v. New Jersey**, 530 U.S. 466 (2000) and **Alleyne v. United States**, 570 U.S. 99 (2013)).

to reputation; and (4) the court violated "**Butler** [**I**] when it failed to vacate the finding that the appellant is a sexually violent predator." Appellant's Br. at 5.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither [appellate courts] nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to

address the substantive claims." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

Here, Appellant's sentence became final on June 24, 2017. His PCRA petition, filed July 5, 2018, is, thus, facially untimely. Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions provided in 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

For claims arising prior to December 24, 2017, a PCRA petition asserting the timeliness exception must have been filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).[7]

Here, Appellant asserted that his petition was "raising a new constitutional issue," and cited ***Muniz***, ***supra***, in support. Brief in Support of amended PCRA Petition, filed 9/4/19, at (unpaginated) 2, 5. Appellant, thus, appeared to assert that his claim fell within the third timeliness exception, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. 9545(b)(1)(iii).

---

[7] Effective December 24, 2018, a petitioner invoking one of the PCRA's timeliness exceptions has one year to file a PCRA petition for a claim arising after December 24, 2017. Appellant's claim arose prior to December 24, 2017, therefore, the prior version of Section 9545(b)(2) providing 60 days to raise the claim applies here.

*Muniz* was decided July 19, 2017. If *Muniz* qualified under the third timeliness exception, Appellant would have had until September 18, 2017, to file a petition asserting his claim. Appellant's PCRA petition, filed July 5, 2018, failed to meet the 60-day requirement.[8]

Accordingly, this Court is without jurisdiction to consider the merits of the issues raised.

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge King concurs in result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2021

---

[8] Moreover, even if Appellant had filed his PCRA within 60 days of *Muniz*, he would not have been entitled to relief because at the time he filed his petition, our Supreme Court had not held that its holding applied retroactively. Thus, *Muniz* could not have been used to satisfy the third exception to the PCRA's jurisdictional time bar.